TUCKER, ZEVE & CO. v. W. T. THOMAS.

Decided April 15, 1904.

**1.—Landlord and Tenant—Rent.**

In a suit by a landlord against a tenant upon an account for rent and advances furnished the tenant, no lien could be enforced on items for pasturage of stock and hire of a team, these being separate and distinct from the contract for rent.

**2.—Conversion.**

Suit for the value of two bales of cotton, alleged to have been converted by defendants, a firm, can not be maintained where it is not shown that the person to whom they were sold was a member of such firm or acted for them or that the cotton was ever in possession of defendants.

Appeal from the District Court of San Augustine. Tried below before Hon. Tom C. Davis.

*Davis & Davis,* for appellants.

No briefs for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against J. C Nations, who was a tenant upon his farm, upon an account for $63.59 for rent and for advances furnished said tenant. The appellants were made parties defendant under allegations charging them with the conversion of two bales of cotton upon which appellee held a lien to secure the payment of his account. The trial in the court below without a jury resulted in a judgment for the plaintiff against the defendant Nations for the sum of $63.59 and against the appellants for the sum of $59.69, the value of the cotton alleged to have been converted.

The account sued on contains among other items the following: "To pasturage for six head of stock from March 1, 1902, to October 15, 1902, at 50 cents per head per month, $18." "To hire of team, $4."

The evidence indicates that the contract between appellee and Nations for pasturage of the six head of stock was separate and distinct from the contract for the rent of the farm, and it is not shown that the stock pastured were the work stock used by Nations in cultivating said farm. The item of $4 for hire of team was shown to be for the hire of a team used by Nations for purposes not connected with the cultivation of appellee's farm. From this statement of the record it is clear that the appellee had no lien upon the crop raised by Nations to secure the payment of the two items in the account above mentioned.

The two bales of cotton alleged to have been converted by appellants were shown to have been sold by Nations to Hal Tucker. There is no evidence that Hal Tucker was a member of appellant firm or that he acted for said firm in purchasing said cotton, nor is there any evidence

that the cotton was ever in the possession of appellants. Such being the state of the evidence it is manifest that no judgment against appellants can be sustained. It follows that the judgment of the court below against appellants must be reversed and the cause remanded for a new trial. The judgment against defendant Nations is undisturbed.

*Affirmed in part; reversed and remanded in part.*